IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUE FIT CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 12-CV-11006 (GAO) |
| v. ) | |
| ) | |
| TRUE & CO., ) | |
| ) | |
| Defendant ) | |

**DECLARATION OF OLIVIA HARRIS IN SUPPORT OF DEFENDANT'S
OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

I, Olivia Harris, depose as follows:

1.  I am an attorney at Kilpatrick Townsend & Stockton LLP. I submit this declaration based upon my own personal knowledge in support of Defendant True & Co.'s ("True & Co.") Opposition to Plaintiff True Fit Corporation's ("True Fit") Motion for a Preliminary Injunction.

**A.  Descriptive Use of TRUE, TRUE FIT, and FIND YOUR TRUE FIT**

2.  "True" is a common English word and "true fit" is a common descriptive phrase. The phrase "true fit" is included in several dictionary definitions of the word "true" as shown in Exhibit A. (The dates shown on the upper left corner of the Internet printouts annexed as exhibits hereto are the dates on which they were printed. The URL identifying the Internet address where I found the content appears on the bottom of the printouts. In some cases, I have removed extraneous pages from multi-page printouts to avoid burdening the court with irrelevant material. On certain pages, I have added arrows in order to direct the Court to the relevant portion of the page.)

US2008 3681115.1

3. Representative examples of third party use of the phrases "true fit" and "find your true fit" in their ordinary descriptive sense are collected in Exhibit B.

4. True Fit itself has used "true fit" and "find your true fit" descriptively in reference to its own services. *See* Declaration of Andrew Gerber submitted herewith ("Gerber Declaration"), ¶¶ 8-10, 13, 16, Exs. F-H, J, N.

B. **Third Party Use of TRUE FIT as Trademark**

5. The descriptive phrase "true fit" has been adopted as a trademark by many companies other than True Fit. I have searched the publicly available database of the U.S. Patent and Trademark Office ("USPTO") available at <www.uspto.gov> for TRUE FIT and variants thereof. In addition to 59 abandoned or expired applications and registrations, I located 50 live applications and registrations for TRUE FIT and close variants thereof, other than True Fit's pending applications, as summarized in the chart entitled Live Trademark Applications and Registrations for TRUE FIT Marks Owned by Third Parties annexed as Exhibit C.

6. True and correct copies of printouts from the USPTO trademark database showing the current status of each of the applications and registrations summarized in Exhibit C are annexed as Exhibit D.

7. Extensive research, investigation and discovery would be required to ascertain whether all of the marks summarized in Exhibit C are in use. However, in most cases I found use on the Internet, as summarized in the column of that chart labeled "Use of Mark." True and correct copies of print-outs of websites I located evidencing use of TRUE FIT marks by third parties are included in Exhibit E.

8. Many of the TRUE FIT and variant trademark registrations and applications I found are for apparel and related items, including Reg. Nos. 4,167,176; 3,701,055; 3,604,411;

3,430,738; 2,893,915; 2,567,053; and 1,879,915; and Serial Nos. 85/482,481 and 77/794,381; (Item Nos. 1, 11, 13, 17, 30, 36, 40, 45, and 50 on <u>Exhibit C</u>).

9. In addition, I located several registrations for TRUE FIT and variants thereof for software, including Reg. Nos. 3,370,929 and 3,007,906 (Item Nos. 20 and 27 on <u>Exhibit C</u>).

10. In addition to the trademark registrations and applications for TRUE FIT marks and variants thereof summarized in <u>Exhibit C</u>, I located a number of additional uses of TRUE FIT, or variants thereof, marks, product names, and service names, as summarized in the chart entitled Third Party Uses of TRUE FIT Marks annexed as <u>Exhibit F</u>. True and correct copies of printouts of websites I located evidencing such use are included in <u>Exhibit G</u>.

### C.  TRUE Marks in the Apparel Industry Identified by True Fit

11. As described more fully in the Gerber Declaration, in 2007, True Religion Apparel, Inc. and Guru Denim, Inc. initiated an action for trademark infringement, among other claims, against True Fit's predecessor-in-interest, True Apparel Company ("True Apparel"), captioned *True Religion Apparel, Inc. v. True Apparel Co.*, No. 07-CV-12335 (DPW) (D.Mass.) ("True Religion Action"). In that action, True Apparel identified in its discovery responses and introduced evidence concerning registration and use of TRUE variant marks by third parties in the apparel industry. See Affidavit of Counsel, Susan G. L. Glovksy, In Support of Plaintiffs' Motion to Preclude Evidence of "True" Marks dated and filed February 17, 2009 (Doc. 126) and attached as Exhibit L to the Gerber Declaration; Affidavit of Robert S. Wolfe, Esq. (Part 4) dated February 19, 2009 and filed February 20, 2009 (Doc. 139), attached as Exhibit M to the Gerber Declaration.

12. In response to Interrogatory No. 3 in True Apparel Company's Answers to Plaintiffs' First Set of Interrogatories in the True Religion Action (included in Gerber

Declaration, Exhibit L), True Apparel stated that it "is aware that there are many clothing related companies with trademark registrations, applications, or trade names that incorporate the word 'TRUE'" and included a representative list of 35 such marks.

13. I have checked the current status of these 35 TRUE marks on the USPTO database and summarized my findings in the chart entitled Current Status of TRUE Applications and Registrations Identified by True Fit Corporation (Formerly Known as True Apparel Company) annexed as Exhibit H. True and correct copies of printouts from the USPTO trademark database showing the current status of each of the applications and registrations summarized in Exhibit H are annexed as Exhibit I.

14. Extensive research, investigation and discovery would be required to ascertain whether all of the TRUE marks summarized in Exhibit H are in use. However, True Apparel did submit evidence of use of many of these marks in the True Religion Action (see Gerber Declaration, Exhibit M). I also found many of them in current use on the Internet, as summarized in the column of that chart labeled "Use of Mark." True and correct copies of printouts of websites I located evidencing use of TRUE marks by third parties identified by True Apparel are included in Exhibit J.

D.   **Third Party Use of TRUE in Connection with Computer Software**

15. The TRUE marks identified by True Apparel in the True Religion Action focused on apparel. I have searched the publicly available USPTO database and found additional registrations and applications for TRUE and close variants thereof covering computer software, other than True Fit's pending applications, as summarized in Exhibit K.

16. True and correct copies of printouts from the USPTO trademark database for each of the applications and registrations summarized in Exhibit K are annexed as Exhibit L

17.     Extensive research, investigation and discovery would be required to ascertain whether all of the marks summarized in <u>Exhibit K</u> are in use. However, I did find many of them in use on the Internet, as summarized in the column of that chart labeled "Use of Mark." True and correct copies of printouts of websites I located evidencing such use are included in <u>Exhibit M</u>.

### E.    True Fit's Trademark Applications

18.     When filing a trademark application with the U.S. Patent and Trademark Office, an applicant can file on the basis of actual use of the mark in commerce (known as a 1(a) filing basis) or on the basis of a bona fide intent to use the mark in commerce (known as a 1(b) filing basis). True and correct copies of relevant portions of Sections 901 ("Use in Commerce") and 904 ("Specimens") of the USPTO's Trademark Manual of Examining Procedure (TMEP), 8th Edition, as well as a Westlaw printout of 3 McCarthy on Trademarks and Unfair Competition § 19:1.25 (4th ed.) are annexed as <u>Exhibit N</u>. In either case, before the USPTO will issue a registration, the applicant or the applicant's authorized representative must submit a sworn declaration to the USPTO with its application stating, *inter alia*, that "to the best of the undersigned's knowledge or belief no other person, firm, corporation, or association has the right to use the above-identified mark in commerce, either in the identical form thereof or in such near resemblance as may be likely, when used on or in connection with goods of such other person, to cause confusion, or to cause mistake, or to deceive..." and must submit an acceptable specimen of actual use of the mark for each class of goods or services identified in the application. A representative declaration filed by True Fit in connection with Application Serial No. 77/856,276 for the mark TRUE FIT is annexed as <u>Exhibit O</u>.

19.     In the course of examining a trademark application, the USPTO frequently issues so-called Office Actions, setting forth reasons why the application cannot proceed to registration unless the defects can be cured. The applicant is given a set time frame to respond to the Office Action. If the applicant cannot overcome the USPTO examining attorney's objections, then the USPTO will refuse to register the mark.

20.     According to the USPTO trademark database and the pleadings in this action, True Fit currently has a U.S. trademark registration for only one TRUE variant mark, FIND YOUR TRUE FIT (Reg. No. 3,892,043). It also has two abandoned applications and a number of pending applications for TRUE variant marks. I have prepared a chart summarizing the current status of True Fit's USPTO filings entitled Plaintiff's Trademark Applications and Registration, annexed as <u>Exhibit P</u>. True and correct printouts from the USPTO trademark database of certain documents referenced in the "Status" and "Comments" columns of the chart are annexed as <u>Exhibit Q</u>.

21.     As summarized in Item Nos. 1 and 2 on the chart annexed as <u>Exhibit P</u>, True Apparel filed for the TRUE JEANS and TRUE APPAREL marks in 2005, but eventually abandoned both applications in 2007. The Examining Attorney assigned to each application issued Office Actions, citing prior third party use of TRUE and TRU. *See* <u>Exhibit Q</u>. In response to both Office Actions, True Apparel argued "there is no likelihood of confusion since the term TRU and the term TRUE, alleged by the Examining Attorney as creating a likelihood of confusion with Applicant's mark, are so commonly used and federally registered in connection with goods…that the public has been conditioned to distinguish such marks based on slight differences between them." *Id.* True Apparel further argued that "in addition to the narrow scope of protection afforded to the term TRU and the term TRUE, which thereby eliminates any

reasonably likelihood of confusion between Applicant's mark and the cited registration, Applicant's mark when properly considered <u>as a whole</u> projects an entirely distinct commercial impression as compared to U.S. Registration No. 1,091,464 for TRU." *Id.* (emphasis in original).

22.    As shown by <u>Exhibit P</u>, True Fit filed virtually all of its pending applications on the basis of its bona fide intent to use the mark rather than actual use of the mark in commerce. It has not yet filed specimens of use acceptable to the PTO for the following live marks: TRUE FIT BRAND ACCELERATOR (Ser. No. 85/412,802), TRUE FIT RECOMMENDATION ENGINE (Ser. No. 85/412,776), TRUE FIT SIZE (Ser. No. 85/412,739), TRUE FIT SCORE (Ser. No. 85/412,706), BE TRUE. SHARE TRUE. (Ser. No. 85/192,193), TRUE UP (Ser. No. 85/192,040), TRUE FIT (Ser. No. 77/983,198), MY TRUE FIT (Ser. NO. 77/856,317), and TRUE FIT (Ser. No. 77/856,276). Further, with respect to several applications— BROWSE AND BUY. TRUE TO YOU. (Ser. No. 85/192,176), TRUED (Ser. No. 85/192,084), TRUING UP (Ser. No. 85/192,060), MY TRUE FIT (Ser. No. 77/856,317), and FIND YOUR TRUE FIT (Ser. No. 3,892,043)—True Fit has apparently submitted only historic screenshots from its former MyTrueFit.com website, rather than exemplars of current use. *See* <u>Exhibit Q</u>; *see also* <u>Exhibit N</u> ("Both 1(a) use-based applicants, as well as 1(b) ITU applicants who file a statement of use must make a verified statement, supported by specimens, that the mark <u>is in</u> "use in commerce.") (emphasis added).

F.    **True & Co.'s Trademark Application**

23.    On January 31, 2012, True & Co.'s CEO and founder, Michelle Lam, filed an application for the TRUE TRUE & CO and Design mark depicted below (Ser. No. 85/530,144) covering "the bringing together, for the benefit of others, of a variety of goods and services,

enabling customers to conveniently view and purchase those goods and services from an Internet web site particularly specializing in the marketing of the sale of goods and services of others" in Class 35 and "providing personal shopping services for others over the Internet" in Class 42:



A true and correct copy of a printout from the USPTO trademark database for True & Co.'s application for the TRUE TRUE & CO and Design mark is annexed as Exhibit R.

24. On May 17, 2012, the Examining Attorney issued an Office Action, requiring True & Co. to state in the application that "no claim is made to the exclusive right to use '& CO' apart from the mark as shown." In this Office Action, the Examining Attorney found no conflicting marks, stating that "[t]he examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. Section 704.02." A true and correct copy of the May 17, 2012 Office Action is annexed as Exhibit S.

Signed under pains and penalties of perjury this 26th day of July, 2012.

Olivia Harris

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 27, 2012.

                                          /s/ Gerard A. Butler, Jr.
                                          Gerard A. Butler, Jr.
                                          BBO No. 557176